**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA CELIS, | No. 09-72284 |
| Petitioner, | Agency No. A074-796-158 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:      B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Patricia Celis, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen her

deportation proceedings conducted in absentia.  We have jurisdiction under

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Celis's request for oral argument is denied.

reopen and review de novo claims of due process violations in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Celis's motion to reopen as untimely because the motion was filed more than ten years after the issuance of the August 27, 1997, in absentia order, *see* 8 C.F.R. § 1003.23(b)(4)(iii), and Celis failed to establish she acted with the due diligence required to warrant tolling of the 180-day filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to petitioner who is prevented from filing due to deception, fraud, or error, and exercises due diligence in discovering such circumstances). It follows that Celis's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

Celis has waived any challenge to the agency's determination that she received proper notice of her hearing. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**